UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10312-RGS

UNITED STATES OF AMERICA

v.

RICHARD SOUZA

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
OR, ALTERNATIVELY, A NEW TRIAL

April 17, 2012

STEARNS, D.J.

Defendant Richard Souza renews his trial motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), and also moves, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33(a).[1] Souza's argument for judgment of acquittal is based on an alleged insufficiency of the government's evidence.

> In determining whether particular evidence is sufficient to ground a conviction, we take the facts and all reasonable inferences therefrom in the light most agreeable to the jury's verdict. If, on that view, the prosecution has adduced sufficient evidence of the essential elements of the crime such that a rational jury could find the defendant guilty beyond a reasonable doubt, the insufficiency challenge fails.

*United States v. Walker*, 665 F.3d 212, 224 (1st Cir. 2011) (citations omitted). *See also United States v. Perez-Melendez*, 599 F.3d 31, 40 (1st Cir. 2010) ("[D]efendants

---

[1] The trial in this matter concluded on February 29, 2012, with defendant's conviction by the jury of a one-count indictment charging a violation of the currency transaction reporting requirements of 31 U.S.C. § 5324(a)(3).

challenging convictions for insufficiency of evidence face an uphill battle on appeal.") (citation omitted). The jury's verdict must stand "unless the evidence, viewed in the light most hospitable to the government's theory of the case, could not have persuaded a rational trier of fact, beyond any reasonable doubt, of the defendant's guilt." *United States v. Soler*, 275 F.3d 146, 150 (1st Cir. 2002), citing *United States v. Lara*, 181 F.3d 183, 200 (1st Cir. 1999).

Although styled as a sufficiency of the evidence argument, Souza's complaint is directed not so much at the factual adequacy of the government's proof (most of which was not contested), but at whether the evidence as a matter of law established a violation of the currency reporting requirements. Essentially, Souza argues that because Sovereign Bank eventually aggregated his six $9,000 withdrawals and filed the requisite Currency Transaction Report (CTR), no crime occurred. The short and long answer is that this argument has been rejected by every court to which it has been made. *See, e.g., United States v. Van Allen*, 524 F.3d 814, 825 (7th Cir. 2008) (fooling the bank is not an element of § 5324(a)(3)); *United States v. Gibbons*, 968 F.2d 639, 645 (8th Cir. 1992) (same).[2]

---

[2] The court can make no real sense of Souza's argument that he "could not violate the law because the bank had an independent responsibility to report the single day transaction or face criminal consequences itself." Def.'s Mot. at 6. Superficially, Souza seems to confuse factual and legal impossibility. Legal impossibility occurs when a defendant attempts something that he believes is a crime that in fact is not. Factual impossibility describes a situation where the crime is real but some circumstance unknown to the defendant makes the crime impossible to complete. At bottom, Souza's argument seems to be that he should be excused not because he did not intend to commit a real crime, but that he went about it so ineptly that the law should excuse his attempt.

Alternatively, Souza moves for a new trial. Rule 33(a) of the Federal Rules of Criminal Procedure authorizes a trial court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court may consider both the weight of the evidence and the credibility of the witnesses in deciding a motion for a new trial. *United States v. Rothrock*, 806 F.2d 318, 321 (1st Cir. 1986). "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (citation omitted). It is not altogether clear, but Souza appears to base his new trial request on the allegedly prejudicial admission of evidence that Souza used his influence over the elderly victim to enter into a financially disadvantageous real estate transaction the only beneficiaries of which were Souza and his sons (none of whom invested in the transaction).[3] Because the transaction explained the origin of the structured funds, it was admissible to show Souza's intent in attempting to deflect notice from the aggregate amount of cash he was diverting to his personal use.[4] *See United States v.*

---

[3] Souza also maintains that his rights under the Speedy Trial Act were violated by an agreement his counsel made with the government to permit a delay in excess of thirty days between his arrest and indictment. This issue was definitively decided adversely to defendant by Judge Gertner in her opinion of July 19, 2011. The court sees no reason to revisit her Order.

[4] It would also be admissible under the so-called "inextricably intertwined" exception. *See United States v. Chinn,* 83 F.3d 83, 87-88 (4th Cir. 1996). Although the exception has been criticized, *United States v. Green*, 617 F.3d 233, 248-249 (3d Cir. 2010), it has not been repudiated by the First Circuit. *See United States v. Rodriguez-Berrios*, 573 F.3d 55, 64 (1st Cir. 2009).

*Wright*, 561 F.3d 49, 53 (1st Cir. 2009).[5]  Manifestly, the admission of the evidence did not result in a miscarriage of justice; rather it served the interests of justice by giving the jury a fair picture of what motivated Souza's crime.

### ORDER

For the foregoing reasons, the motion for a judgment of acquittal is <u>DENIED</u>. The motion for a new trial is also <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[5] The court declines to consider Souza's pro se motion for judgment of acquittal. When a defendant is represented by counsel, motions and objections made by parties other than defendant's counsel are not sufficient to preserve a claim of error on the defendant's behalf absent a court-approved "hybrid representation." *United States v. Washington*, 434 F.3d 7, 16 (1st Cir. 2006); *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011). No hybrid representation was approved in this case.